HERBERT H. COCKERAM v. STATE OF NEBRASKA.

FILED OCTOBER 23, 1931. No. 28038.

*Bartos, Bartos & Placek* and *E. J. Steinacher*, for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Homer L. Kyle, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

In a prosecution by the state in the district court for Fillmore county, Herbert H. Cockeram, defendant, was convicted of feloniously breaking and entering a store building owned by W. R. Dorrance at Fairmont. For that felony he was sentenced to serve a term of five years in the penitentiary. As plaintiff in error defendant presents for review the record of his conviction.

It is first contended that the trial court erred to the prejudice of defendant in overruling a motion by him for a continuance. Under this head he insists he was forced into the trial without sufficient time to prepare for his defense or to procure the attendance of material witnesses. The record does not affirmatively show prejudicial error in these respects. The attorney for defendant at the preliminary examination conducted the defense at the trial in the district court and was acquainted in advance with the accusation and with the nature of the state's evidence. The defense was ably presented and there was testimony on every feature of it. There were affidavits in support of the motion for a continuance but they are not in the bill of exceptions and consequently cannot be considered on review. At the request of defendant a subpœna for the absent persons whose testimony he desired was issued, but the return of the sheriff shows they were not found after diligent search. Thereafter there is nothing to show they

could have been found after further delay and search. The motion was addressed to the sound discretion of the trial court, and the ruling thereon is not reversible on review, unless the record discloses an abuse of such discretion. *Ringer v. State,* 114 Neb. 404. A critical examination of the entire record fails to show an abuse of discretion in this respect. The assignment of error is therefore overruled.

It is earnestly insisted that the evidence is insufficient to support the verdict. Evidence of guilt consists largely of the testimony of two accomplices who testified that defendant opened the Dorrance store during the night of December 15, 1930, that they entered with him, that he carried off money, and that all took merchandise. The two accomplices testified also to a previous plan and to an intent of all three to commit the burglary and gave details of the felonious acts committed pursuant thereto. Dorrance testified without contradiction to facts showing that a burglary was committed at the time and place charged in the information. If the accomplices told the truth defendant is guilty, though he contradicted them in every material respect, testified he was at home in bed at the time of the burglary, and was corroborated in his alibi by the members of his family and by another witness. The accomplices testified also that defendant entered the store by unlocking with a key the south front door. Dorrance testified in effect that on leaving the store at night he locked that door from the inside, left the key in the lock and went out at another door. From this defendant infers that it was physically impossible, while the key was in the lock on the inside, to turn the bolt with a key on the outside. Dorrance explained, however, that the south door in front was not always locked by him. The jury were at liberty to find that in this respect he testified to his custom. The credibility of the witnesses was a question for the jury, and they believed the story of the accomplices, which is not incredible or unbelievable or physically impossible. A critical examination of the record from every standpoint results in the conclusion that the evidence is sufficient to sustain the verdict.

The giving and refusing of instructions relating to the testimony of an accomplice are criticized but do not contain error prejudicial to defendant. All assignments of error have been examined without finding a substantial reason for reversing the judgment below.

AFFIRMED.